**Mustafa DJALO, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**No. 06–3783–ag.**

United States Court of Appeals, Second Circuit.

May 7, 2007.

Theodore Vialet, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney, Eastern District of Virginia, Catherine Wood, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Mustafa Djalo, a native and citizen of Guinea–Bissau, seeks review of the July 17, 2006 order of the BIA affirming the April 11, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mustafa Djalo,* No. A79 296 918 (B.I.A. July 17, 2006), *aff'g* No. A79 296 918 (Immig. Ct. N.Y. City Apr. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004); *see also Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006) (reviewing an IJ's finding of a lack of connection between persecution and protected ground for substantial evidence).

■ As an initial matter, it is not necessary to examine the IJ's credibility determination because, even assuming that Djalo testified credibly, the IJ properly denied relief. Based on the available direct and circumstantial evidence, the IJ concluded that the rebels had not selected Djalo for harm on account of a protected ground, but that he was one of many victims of an attack by a group of rebels who were operating from their own "generalized political motive." *See INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005), *see also Melgar de Torres v. Reno,* 191 F.3d 307, 314 n. 3 (2d Cir.1999) ("General violence [in the country from which asylum is claimed] does not constitute persecution nor can it form a basis for petitioner's well-founded fear of persecution."). While there was some evidence suggesting that the rebels were in some way motivated to attack Djalo on account of a protected ground, in light of the record as a whole, such evidence was not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias–Zacarias,* 502 U.S. at 484, 112 S.Ct. 812. Ultimately, substantial evidence supports the IJ's finding that Djalo failed to demonstrate that he was harmed on account of a protected ground.

■ Even assuming Djalo had demonstrated past persecution, further underlying the IJ's decision to deny relief was her finding that the conditions in Guinea–Bissau had changed so substantially that his fear of return was no longer reasonable. The regulations require IJs to exercise their discretion to deny asylum to applicants who establish eligibility based solely on past persecution when the government establishes a fundamental change in circumstances sufficient to rebut the presumption of well-founded fear. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A). Here, the future persecution Djalo claims to fear is "of the same sort" as that which he allegedly faced in the past. *Islami v. Gonzales,* 412 F.3d 391, 397 (2d Cir.2005). An examination of the latest country reports demonstrates that conditions in Guinea–Bissau have "changed radically" since Djalo's departure during the civil war. *Id.* at 398. Accordingly, the government has met its burden in rebutting any presumption of future persecution and the IJ's decision to deny relief based on changed country conditions was not an abuse of her discretion. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A).

■ As Djalo failed to meet his burden of proof for asylum, and as his withholding claim is premised on the same facts, he has failed to meet the higher burden of proof required for withholding. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (per curiam).

■ Djalo's failure to sufficiently raise his CAT claim before the BIA precludes our review, and we therefore dismiss his petition for review with respect to that claim. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.